IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JABBAR THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:18-CV-980-WKW |
| | ) [WO] |
| NATIONAL UNION FIRE | ) |
| INSURANCE COMPANY OF | ) |
| PITTSBURGH, PA, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This case, an insurance action under Alabama law, contains three claims: breach of contract, bad faith, and fraud. The breach of contract claim, as the name implies, is an action in contract. The bad faith and fraud claims sound in tort. Defendant moves to dismiss the fraud claim because it is based on no more than an alleged breach of the insurance policy. Thus, the court must decide whether Plaintiff may assert the tort of fraud solely based on Defendant's failure to pay insurance benefits. He may not. Plaintiff's fraud count thus does not state a claim.

## I. JURISDICTION AND VENUE

Defendant, a Pennsylvania citizen, removed this case to federal court on November 21, 2018, based on diversity. Plaintiff, an Alabama citizen, did not move to remand. The court finds that the amount in controversy exceeds $75,000.

Subject-matter jurisdiction is therefore proper under 28 U.S.C. §§ 1441(a) and 1332 (removal and diversity). The parties do not contest personal jurisdiction or venue.

## II. STANDARD OF REVIEW

Although Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), it filed an answer first. (Doc. # 6.) That is not allowed under Rule 12. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made *before* pleading if a responsive pleading is allowed."). Thus, the court construes Defendant's motion as one for judgment on the pleadings under Rule 12(c). *See Weeks v. Wyeth, Inc.*, 120 F. Supp. 3d 1278, 1282–83 (M.D. Ala. 2015). The standards for assessing a Rule 12(b)(6) motion and a Rule 12(c) motion are identical. *Id.* at 1283.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against Federal Rule of Civil Procedure 8. Rule 8 provides that the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a motion to dismiss under Rule 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). However, the court need not accept mere legal conclusions as true. *Id.* at 1325.

To survive a 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal under Rule 12(b)(6) is also permitted "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993); *see also Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989) (explaining that the rule allows a court "to dismiss a claim on the basis of a dispositive issue of law").

### III.  BACKGROUND

Plaintiff Jabbar Thomas, a truck driver, injured his head when he was working on the underside of his tractor. He claimed benefits for medical expenses and lost wages under the policy he held with Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania. Defendant denied him those benefits. This lawsuit followed.

Plaintiff sued for breach of contract, bad faith, and fraud. His fraud claim is based on Defendant's representations that if Plaintiff had "an accident during the policy period, he would be entitled to benefits under the policy," and that he

3

"would receive benefits pursuant to the subject policy as a result of a covered loss." (Doc. # 1-1, at 5, 6.) Since Defendant ended up denying Plaintiff's benefits claim, Plaintiff alleges that those representations were fraudulent.

Defendant moved to dismiss the fraud claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and Rule 9(b) for failure to plead fraud with particularity. (Doc. # 7.) Defendant argues that, under Alabama law, Plaintiff's fraud claim merely restates his breach of contract claim in different terms and is thus not independently actionable. Defendant is correct. Its motion to dismiss (Doc. # 7) will therefore be granted.

## IV.  DISCUSSION

**A.  <u>Plaintiff's fraud claim merely restates his breach of contract claim.</u>**

"A mere breach of a contractual provision is not sufficient to support a charge of fraud." *Brown-Marx Assocs. v. Emigrant Savs. Bank*, 703 F.2d 1361, 1370–71 (11th Cir. 1983) (citing *McAdory v. Jones*, 71 So. 2d 526, 528 (Ala. 1954)). Stated differently, "[a] mere failure to perform a contract obligation is not a tort, and it furnishes no foundation for an action on the case." *C & C Prods., Inc. v. Premier Indus. Corp.*, 275 So. 2d 124, 130 (Ala. 1974). "Thus, a party experiencing a failure to perform a contract in the typical situation cannot characterize the other party's promise to perform as a misrepresentation and

4

thereby convert the action to one based upon the tort of fraud." *Exxon Mobil Corp. v. Ala. Dep't of Conservation & Nat. Res.*, 986 So. 2d 1093, 1130 (Ala. 2007).

Alabama recognizes two exceptions to the general rule that a plaintiff may not convert a breach of contract action into a tort action. First, "if a promise to perform in the future is made with no intention to perform *at the time the promise was made*, it is promissory fraud and will give rise to an action in tort for which compensatory and punitive damages may be recovered." *Id.* (emphasis in original). Second, in a breach of contract action, an insured may also assert the tort of bad faith "when the insurer's basis for its conduct is so lacking in substance as to warrant the conclusion that it acted in bad faith when it failed to perform." *Id.* (citing *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293 (Ala. 1999)).

Plaintiff's bad faith claim fits squarely into the second exception. And Defendant has not moved to dismiss that claim.

Plaintiff's fraud claim, however, does not survive. Plaintiff has made no allegations to make plausible a claim that Defendant had no intention to pay benefits when the parties signed the policy. The allegation that Defendant failed to pay benefits does not help Plaintiff, because "mere failure to perform is not evidence of a lack of intent to perform at the time the contract was formed." *Id.*

Plaintiff's fraud allegations are based on nothing more than Defendant's "[f]ailure to perform a promise," which "is not of itself adequate evidence of intent

to support an action for fraud." *Brown-Marx*, 703 F.2d at 1370. "[T]o assert a fraud claim that stems from the same general facts as one's breach-of-contract claim, the fraud claim must be based on representations independent from the promises in the contract and must independently satisfy the elements of fraud." *Hunt Petrol. Corp. v. State*, 901 So. 2d 1, 10–11 (Ala. 2004) (Houston, J., concurring). Plaintiff has alleged no misrepresentations that occurred outside of the policy itself that could plausibly support a claim of fraud. Nor has he alleged any "damage *due to fraud* that is separate from damages that may result from any subsequent contractual breach." *Dickinson v. Land Developers Constr. Co.*, 882 So. 2d 291, 305 (Ala. 2003) (Houston, J., concurring) (quoting *La Pesca Grande Charters, Inc. v. Moran*, 704 So. 2d 710, 712–13 (Fla. Dist. Ct. App. 1998)). Plaintiff's fraud claim will therefore be dismissed for failure to state a claim.

**B.     Because Plaintiff's fraud claim fails as a matter of law, it will be dismissed with prejudice, and Plaintiff will not be given leave to amend.**

Because dismissal of Plaintiff's fraud claim is appropriate under Rule 12(b)(6), "the court need not address the sufficiency of [Plaintiff's] fraud pleadings under the Federal Rules of Civil Procedure." *Jenkins v. State Farm Fire & Cas. Co.*, No. 2:11-CV-350-WKW, 2011 WL 3359996, at *3 (M.D. Ala. Aug. 4, 2011).

And because the court has decided the viability of Plaintiff's fraud claim on substantive rather than procedural grounds, dismissal will be with prejudice. *See*

*Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("[D]ismissal for failure to state a claim under [Rule] 12(b)(6) is a 'judgment on the merits.'").

Finally, Plaintiff will not be given leave to amend his complaint. "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999). Plaintiff only asked for leave to amend in his opposition to Defendant's motion to dismiss, not in a separate motion with the substance of the proposed amendment attached. His request for leave to amend will thus be denied. *See Long v. Satz*, 181 F.3d 1275, 1279–80 (11th Cir. 1999) (district court correctly denied request to amend when plaintiff failed to make request by motion or set forth the substance of the proposed amendment).

## V. CONCLUSION

It is ORDERED:

(1) Defendant's construed motion for judgment on the pleadings (Doc. # 7) is GRANTED.

(2) Count Three of Plaintiff's complaint (Doc. # 1-1) is DISMISSED with prejudice.

DONE this 11th day of April, 2019.

                                        /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE